IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TINDELL INVESTMENTS AND**
**PROPERTIES, LLC**                                                                                  **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO.: 1:23-cv-359-LG-BWR**

**STATE FARM FIRE AND CASUALTY COMPANY**
**AND JOHN AND JANE DOE DEFENDANTS 1-5**                          **DEFENDANTS**

### ANSWER TO COMPLAINT

*Jury Trial Requested*

COMES NOW, the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter "State Farm"), by and through its counsel and files this, its Answer to the Complaint exhibited against it, and in support thereof, would respectfully show unto the Court the following, to wit:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Defendant hereby incorporates and pleads any and all defenses enumerated in Rule 12(b) of the Federal Rules of Civil Procedure and specifically reserves the right to raise any defenses.

### THIRD DEFENSE

The Defendant would answer each paragraph of the Complaint as follows:

1.

Upon information and belief, State Farm admits the allegations contained in Paragraph 1 of the Complaint.

2.

State Farm admits the allegations contained in Paragraph 2 of the Complaint.

3.

State Farm lacks knowledge as to the accuracy of the allegations contained in Paragraph 3 of the Complaint and therefore denies same.

4.

State Farm denies the allegations contained in Paragraph 4 of the Complaint and would state that jurisdiction lies with the United States District Court for the Southern District of Mississippi, Southern Division.

5.

State Farm denies the allegations contained in Paragraph 5 of the Complaint and would state that jurisdiction lies with the United States District Court for the Southern District of Mississippi, Southern Division

6.

State Farm denies the allegations contained in Paragraph 4 of the Complaint and would state that venue lies with the United States District Court for the Southern District of Mississippi, Southern Division

7.

Upon information and belief, State Farm admits the allegations contained in Paragraph 7 of the Complaint.

8.

State Farm admits the allegations contained in Paragraph 8 of the Complaint and would state that the terms, conditions, and exclusions of Plaintiff's policy speak for themselves.

9.

State Farm admits the allegations contained in Paragraph 9 of the Complaint and would state that the terms, conditions, and exclusions of Plaintiff's policy speak for themselves.

10.

State Farm admits that on October 28, 2020, Hurricane Zeta made landfall in Cocodrie, Louisiana and caused heavy rains, storm surge, and strong winds in the Gulfport, Mississippi area. State Farm further admits that State Farm was aware of the weather event. State Farm denies the remaining allegations contained in Paragraph 10 of the Complaint and would deny that Plaintiff's property was damaged to the extent claimed.

11.

State Farm admits that Plaintiff's property was insured at the time of Hurricane Zeta. State Farm would state that that the terms, conditions, and exclusions of Plaintiff's policy speak for themselves.

12.

State Farm admits that Plaintiff contacted State Farm on October 30, 2020, to open a claim related to Hurricane Zeta. State Farm denies the remaining allegations contained in Paragraph 12 of the Complaint.

**13.**

State Farm denies the allegations contained in Paragraph 13 of the Complaint. State Farm would admit that it inspected Plaintiff's property on November 13, 2020, and estimated damage related to Hurricane Zeta.

**14.**

State Farm admits the allegations contained in Paragraph 14 of the Complaint, but denies that Plaintiff's property was damaged to the extent claimed.

**15.**

State Farm admits that on December 4, 2020, State Farm delivered an estimate to Plaintiff which totaled $54,452.11 in replacement cost benefits.

**16.**

State Farm admits the allegations contained in Paragraph 16 of the Complaint.

**17.**

State Farm admits that its final summary of loss totaled $142,937.32. State Farm denies the remaining allegations contained in Paragraph 17 of the Complaint.

**18.**

State Farm admits that Plaintiff retained Chuck Vance LLC and that he valued the damages to be approximately $328,842.03. State Farm denies the remaining allegations contained in Paragraph 18 of the Complaint.

**19.**

State Farm admits that Plaintiff made a demand for appraisal which State Farm received on September 15, 2023, which was denied by State Farm. State Farm denies the remaining allegations contained in Paragraph 19 of the Complaint.

**20.**

State Farm denies the allegations contained in Paragraph 20 of the Complaint.

**21.**

State Farm denies the allegations contained in Paragraph 21 of the Complaint.

**22.**

State Farm denies the allegations contained in Paragraph 22 of the Complaint.

**23.**

State Farm denies the allegations contained in Paragraph 23 of the Complaint.

**24.**

State Farm denies the allegations contained in Paragraph 24 of the Complaint.

**25.**

State Farm denies the allegations contained in Paragraph 25 of the Complaint.

**26.**

State Farm incorporates by reference each admission or denial to the preceding 25 Paragraphs of the Complaint as same are incorporated by reference under Paragraph 26 of the Complaint.

**27.**

State Farm admits the allegations contained in Paragraph 27 of the Complaint.

**28.**

State Farm admits that Plaintiff suffered losses under the policy, but deny that Plaintiff was damaged to the extent claimed.

**29.**

State Farm denies the allegations contained in Paragraph 29 of the Complaint.

**30.**

State Farm denies the allegations contained in Paragraph 30 of the Complaint.

**31.**

State Farm incorporates by reference each admission or denial to the preceding 30 Paragraphs of the Complaint as same are incorporated by reference under Paragraph 31 of the Complaint.

**32.**

State Farm admits the allegations contained in Paragraph 32 of the Complaint.

**33.**

State Farm denies the allegations contained in Paragraph 33 of the Complaint.

**34.**

State Farm admits the allegations contained in Paragraph 34 of the Complaint.

**35.**

State Farm denies the allegations contained in Paragraph 35 of the Complaint.

**36.**

State Farm incorporates by reference each admission or denial to the preceding 35 Paragraphs of the Complaint as same are incorporated by reference under Paragraph 36 of the Complaint.

**37.**

State Farm denies the allegations contained in Paragraph 37 of the Complaint.

**38.**

State Farm incorporates by reference each admission or denial to the preceding 37 Paragraphs of the Complaint as same are incorporated by reference under Paragraph 38 of the Complaint.

**39.**

State Farm denies the allegations contained in Paragraph 39 of the Complaint, including, but not limited to subparagraphs (a) through (h).

**40.**

State Farm incorporates by reference each admission or denial to the preceding 39 Paragraphs of the Complaint as same are incorporated by reference under Paragraph 40 of the Complaint.

**41.**

State Farm denies the allegations contained in Paragraph 41 of the Complaint.

**42.**

State Farm denies the allegations contained in Paragraph 42 of the Complaint.

**43.**

The Defendant denies the remaining allegations of the last unnumbered paragraph of the Complaint beginning "**WHEREFORE**, **PREMISES CONSIDERED,**" and denies that it is indebted to the Plaintiff in any sum whatsoever.

## FOURTH DEFENSE

State Farm asserts each and every affirmative defense available to it pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

State Farm reserves the right to assert any further or additional defenses that may be developed during the course of discovery in this matter.

## SIXTH DEFENSE

State Farm denies that Plaintiff suffered damages to the nature and extent claimed and contests all damages.

## SEVENTH DEFENSE

State Farm denies that it has been guilty of any conduct which entitle Plaintiffs to recover punitive or extra contractual damages.

## EIGHTH DEFENSE

State Farm avers that the Complaint fails to state a claim upon which punitive damages may be awarded to the Plaintiff.

## NINTH DEFENSE

State Farm affirmatively pleads that the Plaintiff is not entitled to recover punitive damages and that there is no basis for such a claim.

## TENTH DEFENSE

State Farm affirmatively pleads any award of punitive or exemplary damages or extra contractual damages of any type, whether compensatory or otherwise, is precluded because State Farm Fire and Casualty Company clearly had at minimum, legitimate and arguable reasons for its conduct and decisions in this case.

## ELEVENTH DEFENSE

State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to State Farm Fire and Casualty Company under the Constitution of the State of Mississippi.

**TWELFTH DEFENSE**

State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to State Farm Fire and Casualty Company under the Constitution of the United States of America.

**THIRTEENTH DEFENSE**

State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the Constitutional safeguards provided to State Farm Fire and Casualty Company under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Mississippi law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate governmental interests.

**FOURTEENTH DEFENSE**

State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to State Farm Fire and Casualty Company under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, State Farm Fire and Casualty Company is entitled to the same procedural safeguards accorded to criminal defendants.

**FIFTEENTH DEFENSE**

State Farm affirmatively pleads that every element of the Plaintiff's claim for punitive damages must be proved beyond a reasonable doubt because without such proof, said claim would violate State Farm Fire and Casualty Company's due

process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

## SIXTEENTH DEFENSE

That Plaintiff's claim of punitive damages violates Article I, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

A. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

C. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

E. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

F. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes

the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution; and,

G. The procedures pursuant to which punitive damages are awarded violate the dormant visions of the commerce clause of the United States Constitution, Article I, Section 8. Non-resident defendants are assessed punitive damages by Mississippi courts on a disparate and unequal basis in violation of the commerce clause, and the dormant provisions related thereto, of the United States Constitution.

## SEVENTEENTH DEFENSE

That Plaintiff's claim of punitive damages violates the due process clause of Article 3, Section 14 of the Constitution of Mississippi on the following grounds:

A. It is a violation of the due process clause to impose punitive damages, which are penal in nature upon civil defendants upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

C. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate governmental interests;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E. The award of the punitive damages in this action constitutes a deprivation of property without due process of law; and,

F. It is a violation of the due process clause to impose punitive damages against the Defendant which are penal in nature, yet compels a defendant to disclose potentially incriminating documents and evidence.

**EIGHTEENTH DEFENSE**

That an award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**NINETEENTH DEFENSE**

State Farm would show that the award of punitive damages against State Farm Fire and Casualty Company in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in BMW v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), Cooper Ind. Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 Sup. Ct. 1678, 149L.Ed..2D 674 (2001), State Farm Mutual Automobile Insurance Company v. Campbell, 538 US 408, 123 S.Ct. 1513 (2003), on the following grounds:

A. It is a violation of the Defendant's right to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

B. It is a violation of due process to subject the Defendant to punitive damages without providing the Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

C. It is a violation of due process to punish the Defendant with the intent of changing its lawful conduct in other states; and,

D. It is a violation of the Defendant's right to due process to impose punitive damages which are grossly excessive.

## TWENTIETH DEFENSE

State Farm denies any material allegations of the Complaint not specifically admitted.

## TWENTY-FIRST DEFENSE

State Farm affirmatively pleads it is entitled to a credit for monies previously paid.

## TWENTY-SECOND DEFENSE

The Defendant State Farm Fire and Casualty Company affirmatively pleads each and every provision of the applicable insurance policy issued to the Plaintiff by the State Farm Fire and Casualty Company.

Now having fully answered the Complaint exhibited against it and having asserted its affirmative defenses the Defendant requests that this action be dismissed with prejudice to the Plaintiff and at the cost of the Plaintiff.

**DATED**: December 20, 2023.

        Respectfully submitted,

        BRYAN, NELSON, SCHROEDER,
        CASTIGLIOLA & BANAHAN, PLLC
        Attorneys for Defendant,

        **STATE FARM FIRE AND CASUALTY COMPANY**

        BY: /s/ *Calen J. Wills*
        **JOHN A. BANAHAN (MSB 1731)**
        **CALEN J. WILLS (MSB 104271)**

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No. (228) 762-6631

Fax No. (228)769-6392
Email: john@bnscb.com
Email: calen@bnscb.com

## CERTIFICATE OF SERVICE

I, **CALEN J. WILLS**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date electronically filed the foregoing Answer to Complaint with the Clerk of Court using the ECF system which sent notification of such filing all counsel of record.

**DATED**:  December 20, 2023.

BY: /s/ *Calen J. Wills*
**CALEN J. WILLS (MSB 104271)**

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
Email:  calen@bnscb.com